ESTATE OF BARBIERI, Appellant,

v.

EVANS et al., Appellees.

[Cite as *Estate of Barbieri v. Evans* (1998), 127 Ohio App.3d 207.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18426.

Decided April 8, 1998.

208

*Justin D. McCarty,* for appellant.

*Phillip J. Weaver,* for appellee Brett Evans.

*Walter R. Matchinga* and *Edward J. Stoll,* for appellee Prudential Property and Casualty Insurance Company.

---

REECE, Judge.

Appellant, the estate of Charles Barbieri, appeals from the judgment of the Summit County Court of Common Pleas rendered in favor of appellee Prudential Property and Casualty Insurance Company. We affirm.

On the evening of January 21, 1994, appellee Brett Evans, age seventeen, went to a party with friends in Akron. Evans brought a semiautomatic handgun with him. At the party, he and at least two friends decided to go to Reservoir Park in Akron to engage in a fight with some teenagers who had attacked a friend of Evans. Evans took the gun with him. Evans and his friends waited, then dispersed to return to their homes when their opponents did not show up. Because the sidewalks were covered with snow, Evans walked in the street, facing oncoming traffic.

As Evans was walking home, a car came up behind him, driven by Charles Barbieri. The four occupants were members of the group that were to have fought in Reservoir Park. The occupants taunted Evans, who asked to be left alone. Barbieri then exited the car, followed by at least one of the other occupants. Barbieri continued to harass and threaten Evans and approached within five or six feet. Evans pulled out the gun and told the group to leave him alone. After Barbieri continued to approach him, Evans fired the gun, then ran away. Barbieri was shot in the chest and later died.

Evans was charged in the incident. He later pleaded guilty to voluntary manslaughter with a firearm specification and was sentenced accordingly. The estate of Charles Barbieri, through its administrator, Dominic Barbieri, Charles's father, filed a wrongful death action against Evans and his parents in the Summit County Court of Common Pleas on January 19, 1996. Prudential Property and Casualty Insurance Company, issuer of a policy held by Evans's mother, moved to intervene, and the trial court granted the motion. The insurance company filed a counterclaim against the estate and a crossclaim against Evans and his mother, seeking a declaratory judgment stating the insurance company's rights and obligations with regard to the parties and the insurance policy. The insurance company argued that it had no duty to defend Evans or his mother because Evans's actions were intentional and therefore excluded from coverage under the insurance policy.

The cross-claim and counterclaim were tried to the court on January 14, 1997. Evans testified, as did the other three occupants of the car driven by Barbieri on

the night of the shooting. After considering the testimony and briefs, the trial court issued its ruling on February 25, 1997. The trial court found that "the death of Charles Barbieri was caused by an intentional assault by Defendant Brett Evans," and that "there is no duty on the part of [the insurance company] to indemnify or defend" Evans or his mother.[1] The estate now appeals to this court.

The estate asserts two assignments of error. We address each in turn.

### First Assignment of Error

"The trial court erred in failing to find that the death of Charles Barbieri was unintentional."

The estate first argues that the trial court improperly found that Evans acted intentionally when he killed Barbieri. We disagree.

Evans's mother had a homeowner's insurance policy with the insurance company Under Section II, Coverage E of the policy, "Personal Liability," the policy states:

"If a claim is made or suit is brought against any **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:

"a.   pay up to our limit of liability for the damages for which the **insured** is legally liable; and

"b.   provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate." (Emphasis *sic.*)

The exclusions to Section II, as amended, read:

"1.   Coverage E—Personal Liability and Coverage F—Medical Payments to others do not apply to BODILY INJURY or PROPERTY DAMAGE:

"a.   Which results from an act that is intended by the INSURED or can be expected from the standpoint of a reasonable person to cause BODILY INJURY or PROPERTY DAMAGE even if the injury or damage is of a different degree or type than actually intended or expected.

"* * *

"This exclusion does not apply where the BODILY INJURY or PROPERTY DAMAGE arises from the negligence of the INSURED.

"* * *

---

1.   The trial court later amended its order, *nunc pro tunc,* adding language under Civ.R. 54(B) that there was no just reason for delay.

"h. which results from the actual or attempted:

"(1) abuse, molestation, exploitation, assault or other mistreatment of any person; or

"(2) rape, sexual assault, or other sexual abuse of any person." (Emphasis *sic.*)

"In order to avoid coverage on the basis of an intentional-act exclusion, the insurer must demonstrate that the injury itself was intentional or expected." *W. Res. Mut. Ins. Co. v. Campbell* (1996), 111 Ohio App.3d 537, 541, 676 N.E.2d 919, 922. The estate argues that Evans's actions do not fall under either 1.a. or 1.h. of the Section II exclusions, because the testimony showed that Evans did not act intentionally, and the injury was not intentional.

The declaratory judgment claims were tried to the court. The appropriate standard of review is whether the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. We begin with the presumption that the trial court's findings of fact are correct. *Long v. Hurles* (1996), 113 Ohio App.3d 228, 233, 680 N.E.2d 722, 725. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." 5 Ohio Jurisprudence 3d (1978) 192, Appellate Review, Section 603. This is because evaluating evidence and assessing credibility are primarily for the trier of fact. *Hoitt v. Siefer* (1995), 105 Ohio App.3d 104, 107, 663 N.E.2d 717, 719.

The trial court's decisions that Evans's actions constituted an intentional assault, and that the injury was intended or expected, are supported by competent credible evidence. The estate essentially argues that there was evidence to the contrary. However, the trial court, as the trier of fact, was entitled to find the evidence supporting the estate's theory less credible. This court has previously examined the exclusion in Section II, 1.h., and found the exclusion applicable under circumstances analogous to the case at bar. See *Prudential Prop. & Cas. Ins. Co. v. Russell* (Dec. 21, 1994), Summit App. No. 16762, unreported, 1994 WL 709644 (analyzing the exclusion for sexual assault under Section II, Exclusion 1.h.[2] ). The trial court did not err in finding that Evans's actions were excluded under the policy.[2] Accordingly, the estate's first assignment of error is overruled.

---

2. We also note that this court has reached the same results in factually similar cases on the grounds that a "knowing" state of culpability supporting a criminal conviction that stemmed

### Second Assignment of Error

"The trial court erred in failing to find that Evans acted in self defense and failing to order Prudential to provide a defense for its insured, under *Preferred Mutual Ins. v. Thompson.*"

The estate argues in its second assignment of error that the trial court improperly found that the insurance company had no duty to defend or indemnify Evans or his mother. In *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 23 OBR 208, 491 N.E.2d 688, syllabus, the Ohio Supreme Court stated:

"When an insured admits that he intentionally injured a third party and the surrounding circumstances indicate that he acted in self-defense in causing the injury, the insured's insurance company may not refuse to defend the insured from the third party's intentional tort claim on the grounds that the third party's injuries fall within an exclusion from coverage for 'bodily injury * * * which is either expected or intended from the standpoint of the [i]nsured.'"

The estate argues that the insurance company has a duty to defend Evans and his mother under Section II, Coverage E of the policy because evidence was presented that Evans acted in self-defense. We disagree.

■ As stated previously, we must affirm the trial court's findings if some competent, credible evidence supports those findings. There is evidence on the record that the shooting was not done in self-defense. The trial court found that the insurance company was not obligated to defend Evans or his mother. We cannot overturn the trial court's findings simply because the estate can point to other evidence that may support a self-defense theory. Given the state of the record, we cannot say that the trial court erred in finding that the self-defense exception under *Thompson* did not apply in the case at bar. Cf. *Lingo v. State Farm Fire & Cas. Co.* (Dec. 5, 1996), Cuyahoga App. Nos. 69514 and 70753, unreported, at 7–10, 1996 WL 695656. The estate's second assignment of error is overruled.

All of the estate's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SLABY, P.J., and DICKINSON, J., concur.

---

from the insured's actions was sufficient to come under a policy's intentional-act exclusion language. See, *e.g., Campbell,* 111 Ohio App.3d at 541–543, 676 N.E.2d at 922–924; *Nationwide Mut. Fire Ins. Co. v. Carreras* (Nov. 15, 1995), Lorain App. No. 95CA006031, unreported, 1995 WL 678556. See, also, *Gearing v. Nationwide Ins. Co.* (1996), 76 Ohio St.3d 34, 40, 665 N.E.2d 1115, 1119–1120.