DECISION
Plaintiffs-appellants, Tina M. Ballash, her husband, Mark A. Ballash, and their minor child, Matthew Ballash, appeal the judgment of the Ohio Court of Claims in favor of defendants-appellees, the Ohio Department of Transportation ("ODOT"), the Office of Risk Management and Terrance A. Walters, an ODOT employee, which held that appellees were not liable in negligence for injuries resulting from a traffic accident.
The following evidence was offered at trial. The accident occurred at the four-way intersection of East Main Street and Sloan Avenue in Ashland. The intersection is controlled by traffic lights and four pedestrian walkways. There are signs and buttons affixed to utility poles at each corner of the intersection. The signs, which were erected and are maintained by the city of Ashland, state: "PUSH BUTTON WALK ON ALL RED." When the button is pushed, the traffic signal turns red for traffic in all directions.
On December 16, 1997, Tina Ballash and Matthew, then two years old, were attempting to cross northbound at the intersection. The light was red for northbound traffic when they arrived at the intersection, and they waited at the curb. While they waited, Tina Ballash saw Walters' truck at the red light at the southbound side of the intersection. Walters testified that he did not see the Ballashes waiting at the curb.
Tina did not push the button on the utility pole. Rather, when the light turned green for northbound and southbound traffic, Tina turned to Matthew and walked with him into the intersection. At the same time, Walters proceeded into the intersection in an effort to make a left turn. Walters testified that he looked to his right to make sure that eastbound traffic was going to stop and when he turned back around he saw the Ballashes in the crosswalk in front of him. He stated that he slammed on his brakes but was unable to stop in time to avoid the accident.
The trial court concluded that the issue of negligence turned upon who had the right-of-way in the intersection. The court determined that Walters had the right-of-way over Tina Ballash and her son, reasoning that the Ballashes entered the intersection unlawfully because they failed to activate the pedestrian signal. Accordingly, the trial court entered judgment in favor of appellees.
Appellants now raise the following assignments of error:
 I. The Trial Court Erred In Its Interpretation Of The Traffic Law Of The State Of Ohio Relative To Pedestrian Right Of Way. Accordingly, Its Judgment Is Contrary To Law.
 II. The Trial Court Committed Prejudicial Error In Refusing To Admit Into Evidence An Admission Against Interest Of The Ohio Department Of Transportation (ODOT) Which Affected A Substantial Right Of The Plaintiffs-Appellant (sic).
 III. The Trial Court Erred In Failing To Determine The Percentage Of Negligence Of The Parties, Assuming The Plaintiffs-Appellants' (sic) Lost Their Preferential Right Of Way In The Crosswalk And Erroneously Concluded That A Loss Of Right Of Way Was Dispositive Of The Issues Between The Parties.
The appropriate standard of review is whether the decision of the trial court is contrary to law. We will not disturb the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. "`If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment.'" Estate of Barbieri v. Evans (1998), 127 Ohio App.3d 207,211.
For clarity, we address appellants' assignments of error out of order. By their second assignment of error, appellants contend that the trial court erroneously excluded from evidence an accident report prepared by ODOT Health and Safety Inspector Kimberly Reed. Appellants argue that the report, in which Reed concludes that Walter failed to yield the right-of-way to appellants, is an admission against ODOT's interest. Appellants argue that, because it is an admission against interest and because appellees did not challenge its authenticity, the report should have been admitted into evidence.
We conclude that, even if the trial court erred in excluding the proffered report, the error was harmless. Civ.R. 61 states as follows regarding harmless error:
 No error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.
The ODOT report at issue merely reiterates information contained in the Ohio Traffic Crash Report. The Ohio Traffic Crash Report, which indicated that Walters was cited for failing to yield to a pedestrian in a crosswalk, was admitted into evidence. The record, therefore, already contained evidence assigning fault to Walters. We conclude that, because the information in the ODOT report was duplicative of other evidence in the record, exclusion by the trial court of the ODOT report did not affect the substantial rights of the parties. Accordingly, we overrule appellants' second assignment of error.
By their first assignment of error, appellants contend that the trial court erroneously concluded that Walters had the right-of-way in the intersection. We agree.
In reaching its conclusion that Walters had the right-of-way over the pedestrians, the trial court cited to the following provision in R.C.4511.13:
 Whenever traffic is controlled by traffic control signals exhibiting different colored lights, or colored lighted arrows, successively one at a time or in combination, only the colors green, red, and yellow shall be used, except for special pedestrian signals carrying words or symbols, and said lights shall indicate and apply to drivers of vehicles, streetcars, and trackless trolleys, and to pedestrians as follows:
Green indication:
 Vehicular traffic, streetcars, and trackless trolleys, facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, streetcars, and trackless trolleys, including vehicles, streetcars, and trackless trolleys turning right or left, shall yield the right-of-way to other vehicles, streetcars, trackless trolleys, and pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.
* * *
 Unless otherwise directed by a pedestrian-control signal, as provided in section 4511.14 of the Revised Code, pedestrians facing any green signal, except when the sole green signal is a turn arrow, may proceed across the roadway within any marked or unmarked crosswalk. [Emphasis added.]
The court reasoned that appellants had not proven that they had the right-of-way, pursuant to R.C. 4511.13(A)(1), because they did not prove that they were lawfully within the intersection. The court determined that appellants entered the crosswalk in an unlawful manner because they failed to activate the pedestrian signal and follow its direction to walk on all red. The court concluded that Walter, therefore, maintained the right-of-way in the intersection pursuant to R.C. 4511.13(A)(1).
We disagree with the trial court's analysis. R.C. 4511.13(A)(3) expressly grants the right-of-way to any pedestrian who enters an intersection on a green light unless the intersection is controlled by a pedestrian control signal "as provided in R.C. 4511.14." The pedestrian control signals identified in R.C. 4511.14 are "signals exhibiting the words `walk' or `don't walk,' or the symbol of a walking person or an upraised palm." The control signal at the intersection in question is not a pedestrian-control signal as provided by R.C. 4511.14. Accordingly, pursuant to the plain language in R.C. 4511.13(A)(3), appellants had the right-of-way in the intersection.
Our conclusion is further bolstered by R.C. 4511.46(A), which states as follows in pertinent part:
 When traffic control signals are not in place, not in operation, or are not clearly assigning the right-of-way, the driver of a vehicle, trackless trolley, or streetcar shall yield the right of way, slowing down or stopping if need be to so yield * * * to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger.
We find that operational traffic control signals assigned the right-of-way to appellants, who left the curb to cross on a green light. Pursuant to R.C. 4511.46(A), Walters was obligated to yield the right-of-way to appellants. Accordingly, we sustain appellants' first assignment of error.
By their third assignment of error, appellants argue that, even assuming Walters had the right-of-way in the intersection, it was still incumbent upon the trial court to evaluate whether Walters was nonetheless negligent. Our conclusion that appellants had the right-of-way renders moot this assignment of error.
For the foregoing reasons, we sustain appellants' first assignment of error, overrule appellants' second assignment of error and overrule as moot appellants' third assignment of error. The judgment of the Ohio Court of Claims is reversed, and this case is remanded for further proceedings consistent with this decision.
Judgment reversed and case remanded.
DESHLER and BROWN, JJ., concur.