OPINION
{¶ 1} Plaintiff-appellant ("plaintiff"), Earnest Harwell, appeals from a judgment of the Court of Claims of Ohio granting judgment in favor of defendant-appellee, Grafton Correctional Institute ("GCI" or "defendant"). For the reasons that follow, we affirm that judgment.
 {¶ 2} Plaintiff was an inmate at GCI at all times relevant hereto. On December 16, 2002, plaintiff was transported to and from GCI and Columbus Medical Center ("CMC") for a medical examination of a lipoma on his left shoulder. On October 23, 2002, A. Robinson, M.D., GCI's medical director, issued an order to GCI staff to use flex cuffs[1] on plaintiff during any transport because of his arthritis. Pursuant to Dr. Robinson's medical directive, plaintiff was restrained with flex cuffs instead of metal handcuffs during his transport to and from CMC. By his complaint filed April 16, 2003, plaintiff averred that defendant breached its duty of reasonable care by restraining him with excessively tight flex cuffs during his medical transport, and as a result, he sustained injuries to his wrists.
 {¶ 3} The case was tried on March 11, 2004, to a magistrate of the court. Plaintiff testified that he complained en route to several correction officers that the flex cuffs were too tight and caused discomfort to his wrists, but they ignored his complaints. According to plaintiff, when he arrived at CMC his arms and wrists were swollen and numb. Plaintiff testified that after he received treatment at CMC, the flex cuffs were put back on even tighter. He stated that he requested restraints which would not cause discomfort, but his request was refused. When plaintiff returned to GCI, he complained to GCI staff about the tightness of his flex cuffs and the correction officers' nonfeasance. It is undisputed that plaintiff had visible injuries to his wrists.
 {¶ 4} The correction officers involved in the transport testified that whenever plaintiff complained about the flex cuffs, an officer would respond by inserting a finger between the flex cuff and plaintiff's wrists to ascertain whether the cuffs were too tight. Each officer that checked plaintiff's flex cuffs determined that the cuffs were not excessively tight because a finger could be inserted between the flex cuffs and plaintiff's wrists. Correction Officers Phillip Simmons ("Officer Simmons") and Kenneth Evett ("Officer Evett") testified that plaintiff refused metal cuffs when they were offered to him. Officer Simmons also testified that during the trip, he observed plaintiff turning his wrists in a manner that created friction, which then caused blisters. Inmate James Gwinn ("Gwinn"), who was transported with plaintiff to CMC, testified that when he complained about his flex cuffs being too tight, a correction officer changed his restraints to metal handcuffs. Officer Evett, who was with plaintiff during his medical examination, testified that plaintiff did not complain about his wrists to the examining physician.
 {¶ 5} After the trial, the magistrate recommended judgment in favor of defendant, finding that plaintiff did not prove defendant was negligent by a preponderance of the evidence. Plaintiff filed objections to the magistrate's decision. The trial court overruled plaintiff's objections and entered judgment for defendant.
 {¶ 6} Plaintiff appeals, assigning the following assignments of error:
[1.] The decision of the magistrate and the trial court is against the manifest weight of the evidence.
[2.] The decision of the magistrate and the trial court are [sic] contrary to the evidence.
 {¶ 7} Plaintiff's two assignments of error are interrelated, and, therefore, we will address them together. Plaintiff contends that the trial court's findings that defendant did not breach its duty, nor did it proximately cause plaintiff's injuries, were against the manifest weight of the evidence. We disagree.
 {¶ 8} "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Young v.Univ. of Akron, Franklin App. No. 04AP-318, 2004-Ohio-6720, at ¶ 25, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, paragraph one of the syllabus. "Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact `clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" Caldwell v. The Ohio State University, Franklin App. No. 01AP-997, 2002-Ohio-2393, at ¶ 59, quoting State v. Thompkins
(1997), 78 Ohio St.3d 380, 387.
 {¶ 9} A judgment is not against the manifest weight of the evidence merely because inconsistent evidence was presented at trial. State v.Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." Estate of Barbieri v. Evans (1998), 127 Ohio App.3d 207, 211
(citation omitted). The appellate court must give deference to factual findings of the trier of fact because of his or her superior, first-hand perspective in judging the demeanor and credibility of witnesses.Caldwell, supra; McElfresh v. Ohio Dept. of Rehab. Corr., Franklin App. No. 04AP-177, 2004-Ohio-5545, at ¶ 17, citing Zeigler v. Ohio Dept.of Rehab. Corr., Franklin App. No. 02AP-826, 2003-Ohio-3337. Given the foregoing, reversing judgment on manifest weight grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the [judgment]." Thompkins, supra, at 387, quoting Martin,
supra.
 {¶ 10} Plaintiff contends that the trial court erred in finding for defendant because the correction officers breached the duty owed to plaintiff when they did not change plaintiff's restraints to metal handcuffs after he complained about the tightness of the flex cuffs. Plaintiff further argues the trial court erred in finding that defendant's breach was not the proximate cause of plaintiff's injuries because it is undisputed that he sustained injuries to his wrists while being restrained in the flex cuffs.
 {¶ 11} To succeed in an action for negligence, a plaintiff must show the existence of a duty of care, a breach of the duty, and an injury to the plaintiff, which was proximately caused by the breach. Menifee v.Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. In the context of a custodial relationship between the state and its prisoners, the state owes a common law duty of reasonable care and protection from unreasonable risks. McCoy v. Engle (1987), 42 Ohio App.3d 204, 207;Clemets v. Heston (1985), 20 Ohio App.3d 132. Although the state is not an insurer of the safety of inmates, once it becomes aware of a dangerous condition it must take reasonable care to prevent injury to the inmate.Briscoe v. Ohio Dept. of Rehab Corr., Franklin App. No. 02AP-1109, 2003-Ohio-3533, citing Williams v. Ohio Dept. of Rehab. Corr. (1991),61 Ohio Misc.2d 699. Reasonable care is that degree of caution and foresight that an ordinarily prudent person would employ in similar circumstances. Woods v. Ohio Dept. of Rehab. Corr. (1998),130 Ohio App.3d 742, 745. A plaintiff is also required to use reasonable care to ensure his own safety. Macklin v. Ohio Dept. ofRehab. Corr., Franklin App. No. 01AP-293, 2003-Ohio-5069, citing Perryv. Eastgreen Realty Co. (1977), 55 Ohio App.2d 130, 132.
 {¶ 12} As applied to this case, the duty that defendant owed plaintiff was to ensure that his restraints, the flex cuffs, fit properly. Correction Officer Timothy Patterson ("Officer Patterson") and Officer Simmons testified that they checked plaintiff's flex cuffs for tightness whenever he complained about the cuffs. Neither of them found the flex cuffs to be excessively tight; each was able to insert a finger between the flex cuff and plaintiff's wrists. The officers' method of checking plaintiff's restraint for tightness was proper. See, e.g., Abbate v.Ramsey (D.D.C., 2005), 355 F. Supp.2d 377 (settlement agreement between arrested demonstrators and police department included a provision directing officer to check tightness of flex cuff by inserting his or her index finger between the strap and the arrestee's wrist). Plaintiff presented no evidence to the contrary. Given that plaintiff's flex cuffs were repeatedly checked and found not to be overly tight, defendant did not breach its duty to plaintiff.
 {¶ 13} Moreover, because plaintiff's flex-cuff restraints were properly applied, defendant was not required to change plaintiff's restraints to metal handcuffs. Nonetheless, Officer Evett testified that at CMC, he offered to change plaintiff's restraints to metal handcuffs, but plaintiff refused. Additionally, Officers Patterson and Simmons testified that plaintiff did not ask for metal cuffs. Although plaintiff denied being offered metal handcuffs, and further asserts that his requests for same were ignored, the magistrate and trial court resolved this conflict of testimony in favor of defendant. We defer to that finding. Estate of Barbieri, supra; Caldwell, supra; McElfresh, supra;Zeigler, supra. The trial court was free to disbelieve the testimony plaintiff "submitted on this issue, as the weight to be given the evidence and the assessment of the witness credibility is within the province of the trier of fact." Powers v. Ohio Dept. of Rehab. Corr., Franklin App. No. 03AP-504, 2003-Ohio-6566, at ¶ 13, citing State v. DeHass
(1967), 10 Ohio St.2d 230; Sharaff v. Youngman, Franklin App. No. 02AP-1415, 2003-Ohio-4825, at ¶ 9. The testimony given by these officers is competent and credible evidence supporting the trial court's finding that defendant did not breach its duty of reasonable care owed to plaintiff. Therefore, the trial court's determination is not against the manifest weight of the evidence nor contrary to it.
 {¶ 14} With respect to proximate cause, plaintiff argues that because he sustained injuries to his wrists while restrained in flex cuffs, and there was no finding that the injuries were self-inflicted, then the only explanation for his injuries is that the flex cuffs were excessively tight. Thus, he contends that the trial court erred when it relied upon Officer Simmons' opinion testimony as to the cause of plaintiff's injuries; testimony plaintiff asserts was "pure speculation" and deficient because Officer Simmons was not familiar with the type of flex cuff used on plaintiff. (Appellant's Reply Brief, at 2.) We disagree.
 {¶ 15} A trial court's decision to admit evidence under Evid.R. 701 is reviewed on appeal according to an abuse of discretion standard. Urbanaex rel. Newlin v. Downing (1989), 43 Ohio St.3d 109, certiorari denied,Downing v. Urbana (1989), 493 U.S. 934, 100 S.Ct. 325. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217; Steiner v. Custer
(1940), 137 Ohio St. 448.
 {¶ 16} The admissibility of lay opinion is governed by Evid.R. 701, which provides:
If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue.
 {¶ 17} "The primary purpose of the rule is to allow nonexpert witnesses to give opinion testimony when, as a matter of practical necessity, events which they have personally observed cannot otherwise be fully presented to the court or the jury." Urbana, supra, at 112, quotingRandolph v. Collectramatic, Inc. (C.A. 10, 1979), 590 F.2d 844, 846. Thus, according to the rule and case law interpreting same, "[t]he witness is permitted to testify in the form of a conclusion because the primary facts gained from observation and upon which the conclusion is based are too numerous to detail." Bradley v. Univ. Hosps. of Cleveland
(Dec. 27, 2001), Cuyahoga App. No. 79104, citing Crane v. Lakewood Hosp.
(1995), 103 Ohio App.3d 129 (witness could testify as to whether plaintiff was conscious to establish pain and suffering where based on personal observations).
 {¶ 18} Indeed, where the testimony is based on personal observations and common experience, courts in Ohio have allowed lay testimony as to a variety of issues, including physical condition. See, e.g., McKinley v.Chris' Band Box (2003), 153 Ohio App. 3d 387, 392 (witness who saw patrons drinking alcohol and observed their impaired physical dexterity could testify that they were intoxicated); State v. Barrett (Feb. 26, 2001), Licking App. No. 00CA-47 (trooper could give opinion testimony that defendant was intoxicated because his opinion was based upon his personal observations, experience, and was helpful to the trier of fact in determining whether defendant was intoxicated); State v. Sibert (1994),98 Ohio App.3d 412 (mother could testify regarding change in child's behavior after being sexually abused); State v. Stout (1987),42 Ohio App.3d 38 (police officer could give a lay opinion that a stain depicted in a photograph appeared to be blood where the opinion was based upon the officer's perception and was helpful to a determination of a fact); State v. Norman (1982), 7 Ohio App.3d 17 (police officer could give non-expert opinion as to shot pattern made by a shotgun where the opinion was based upon the officer's experience and observation, and aided the trier of fact); State v. Metcalfe (Aug. 11, 1982), Pickaway App. No. 80 CA 18 (sheriff could testify as to his opinion regarding defendant's physical condition after accident); Bronaugh v. Harding Hosp., Inc.
(1967), 12 Ohio App.2d 110 (non-expert can testify as to physical condition where based upon personal observation); Weis v. Weis (1947),147 Ohio St. 416 (a non-expert can express opinions about another's sanity).
 {¶ 19} It has also been noted that "[w]hether a lay witness' opinion is accurate and worthy of belief is not a test of admissibility. Instead, it is for the jury to determine the credibility of the witnesses and the weight to be given to their testimony." Barrett, supra, citingState v. Moore (Oct. 27, 1986), Butler App. No. CA85-04-035, certiorari denied (1987), 482 U.S. 918. See, also, Hamilton v. Crowe (Nov. 9, 2002), Hamilton App. No. CA92-05-081; Fairfield v. Tillett (Apr. 23, 1990), Butler App. No. CA89-05-073.
 {¶ 20} Prior to giving his testimony, Officer Simmons testified that he had been employed by defendant for 14 years. During the trip, he observed plaintiff turning his wrists in such a manner so as to create friction, and concluded that this excessive movement caused the blisters on plaintiff's wrists. Such testimony is hardly speculative. And contrary to plaintiff's assertion, there is nothing in the record before us to suggest that Officer Simmons was inexperienced with the type of flex-cuff restraints at issue. The affidavit of evidence attached to plaintiff's brief as "Appendix B," which we are to consider in lieu of a transcript, is void of any testimony to that effect. Therefore, in light of Officer Simmons' observations and experience, his opinion was rationally based upon his perception and was helpful to a clear understanding of his testimony and to a determination of a fact in issue, i.e., whether the tightness of the flex cuffs caused plaintiff's injuries. McKinley,
supra; Barrett, supra; Stout, supra. Officer Simmons' opinion concerning plaintiff's physical condition was an "intelligent and reasonable conclusion" based on the facts presented. American Louisiana Pipe LineCo. v. Kennerk (1957), 103 Ohio App. 133, paragraph ten of the syllabus. Thus, his opinion was admissible under Evid.R. 701.
 {¶ 21} Moreover, as the trier of fact, it was within the province of the magistrate and trial court to find Officer Simmons credible, and give weight to his testimony. Barrett, supra; Crowe, supra; Tillett, supra. Thus, there was competent and credible evidence upon which the trial court could conclude that plaintiff did not prove by a preponderance of the evidence that his injuries were proximately caused by excessively tight flex cuffs. As such, we defer to that finding, which also renders plaintiff's self-infliction argument moot. Powers, supra; Estate ofBarbieri, supra; Caldwell, supra; McElfresh, supra; Zeigler, supra. Accordingly, the trial court's decision was not against the manifest weight of the evidence nor contrary to it.
 {¶ 22} Based on the foregoing reasons, plaintiff's two assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Klatt and French, JJ., concur.
[1] Flex cuffs are disposable, nylon or hard plastic restraints that are smooth inside and have rounded edges to minimize the chance of abrasion or skin damage.