OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, Appellant's brief, and its oral argument to this court. Appellant, Ann-L Corporation, appeals the decision of the Columbiana County Municipal Court granting judgment in favor of Appellee, Eaton, in the amount of $850. Because the trial court's decision was based upon competent, credible evidence, the decision of the trial court is affirmed.
 {¶ 2} According to the findings of fact made by the trial court, Eaton purchased a manufactured home that required a foundation and finished brickwork. Ann-L presented a quote to Eaton that she accepted on July 28, 2005. The total cost was $7,800.00. The work was to be performed in two phases. Phase I, to be completed before the home was delivered to the site, consisted of bringing the sewer and water line to grade, supplying and installing limestone, and pouring a concrete slab on grade. Phase II, to be completed after the home was delivered, consisting of laying a 4" skirt wall out of brick. Eaton was required to pay $4,000 upon signing of the agreement, $1,000 upon completion of the slab, and $2,880 upon completion of the work. However, Eaton elected to pay $6,000 upon the signing of the agreement with the balance of $1,880 to be paid upon the completion of work.
 {¶ 3} Although the written agreement did not require that Ann-L clean up the site prior to beginning the project, there was debris on the site from a former mobile home that needed to be removed. When Eaton discovered that her family member was not available to clean up the debris, she called Ann-L and requested that they clean up the site. The value of this additional work was $150.
 {¶ 4} After Ann-L completed Phase I and the manufactured home was on the site, Eaton requested that Ann-L perform Phase II of the written agreement. Ann-L refused to perform Phase II claiming that Eaton had failed to pay the $150 for the additional site cleanup. Ann-L then demanded payment of the $150 and the written contract balance of $1,880 before Phase II would be completed. Eaton, having already paid more than what was required by the written contract, refused to pay anything further until Ann-L performed under the written contract.
 {¶ 5} When Ann-L did not perform Phase II of the agreement, Eaton retained *Page 2 
Better Basements to complete the work. Better Basements used the same grade brick as specified by Ann-L. However, in addition to laying a 4" skirt wall out of brick, Better Basements also installed vents and a service door that had not been included in the contract to be performed by Ann-L. Better Basements completed the work in January of 2006 at a total cost to Eaton of $3,350.
 {¶ 6} Eaton then filed suit attempting to recover damages resulting from Ann-L's alleged breach of the written contract. A bench trial was conducted in small claims court. At the conclusion of the trial, the trial court concluded that Eaton was entitled to damages against Ann-L in the amount of $1000, which represents the deposit paid by Plaintiff to Defendant for performance of Phase II of the contract. The trial court also found that, pursuant to the doctrine of quantum meruit, Ann-L should be reasonably compensated for the removal of debris in the amount of $150 for a total judgment for Plaintiff in the amount of $850.00.
 {¶ 7} As their first assignment of error, Ann-L. claims:
 {¶ 8} "The Trial Court erred as a matter of law when it found that Defendant/Appellant Ann-L breached the contract with Plaintiff/Appellee Eaton."
 {¶ 9} The standard of review governing this appeal is whether the decision of the trial court is contrary to law. We will not disturb the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." CE. MorrisCo. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. " `If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment.' " Estate of Barbieri v. Evans (1998),127 Ohio App.3d 207, 211.
 {¶ 10} Here, Ann-L claims that the trial court erred in finding that Ann-L breached the contract, because, in actuality, they claim it was Eaton who breached the contract by failing to pay the $150. Ann-L bases this claim on the alleged "verbal addendum" to the contract. More specifically, Ann-L claims that the negotiations over who was going to remove the debris from the site resulted in a verbal addition to the terms of the contract.
 {¶ 11} A contract is created "where there is an offer by one side, acceptance on *Page 3 
the part of the other, and a meeting of the minds as to the essential terms of the agreement." McCarthy, Lebit, Crystal Haiman Co., L.P.A.v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 620,622 N.E.2d 1093. Later acts and agreements may modify the terms of a contract; unless otherwise specified, neither consideration nor a writing is necessary. Smaldino v. Larsick (1993), 90 Ohio App.3d 691, 698,630 N.E.2d 408; Software Clearing House, Inc. v. Intrak, Inc. (1990),66 Ohio App.3d 163, 172, 583 N.E.2d 1056. Where one party assents to any modification or change in the terms of the contract, the assent, either express or implied, if acted on by the other party, would be binding upon the first party. See O.F. Mehurin Son v. Stone (1881),37 Ohio St. 49, 57-58.
 {¶ 12} Here, there never was a meeting of the minds between Eaton and Ann-L regarding the removal of the debris. From a review of Eaton's testimony, it appears that she believed that she would be charged $150 for the debris to be completely removed from the site. She testified that Ann-L merely pushed back the debris away from the site and that the debris still needed to be removed afterwards by her son-in law. A stipulation was then entered that she refused to agree to a verbal addendum or change in the contract. However, she further agreed that she accepted the work.
 {¶ 13} Given these facts the trial court applied the doctrine of quantum meruit and awarded Ann-L $150 for services performed. Quantum meruit is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered. Fox Assoc. Co., L.P.A. v. Purdon (1989),44 Ohio St.3d 69; Rice v. Wheeling Dollar Sav. Trust Co. (1951),155 Ohio St. 391.
 {¶ 14} Despite the fact that Ann-L received compensation for removing the debris, they still claim that the trial court erred by finding them in breach for failure to perform the remainder of the contract. Ann-L now claims that they should be excused for their later nonperformance under the contract based on Eaton's failure to give assurances that she would in fact pay the remainder of what was owed under the contract. In other words, Ann-L is claiming anticipatory breach on the part of Eaton.
 {¶ 15} "An anticipatory breach of contract by a promisor is a repudiation of the *Page 4 
promisor's contractual duty before the time fixed for performance has arrived." McDonald v. Bedford Datsun (1989), 59 Ohio App.3d 38, 40. The repudiation must be expressed in clear and unequivocal terms. Id. To prevail on a claim of anticipatory breach of contract, a plaintiff must establish that there was a contract containing some duty of performance not yet due and, by word or deed, the defendant refused future performance, causing damage to the plaintiff. Id.
 {¶ 16} Here, Ann-L claims that they had reasonable grounds for believing that Eaton would breach the contract by not paying the balance due for installation of the brick skirt wall, or Phase II of the contract. Essentially, Ann-L claims that Eaton's outright refusal to pay the $150 constituted a refusal of future performance.
 {¶ 17} The Tenth District was presented with similar facts inBanks v. Bob Miller Builders, Inc. (Dec. 18, 2001) 10th Dist. No. 01AP-582 and found that there was competent, credible evidence presented at trial to support the trial court's conclusion that the appellee did not commit an anticipatory breach. In that case the court noted that appellee testified that he was always ready, willing and able to honor his obligations under the contract. The court further stated that the appellee's refusal to sign a draft addendum to the contract did not amount to an anticipatory breach. The court explained that the proposed addendum contained terms that altered the parties' original agreement. Therefore, the court reasoned that appellee was under no obligation to accept these new terms, and his refusal to do so had no bearing on his willingness to perform under the original terms of the purchase agreement.
 {¶ 18} Likewise, in the present case, Eaton merely refused to comply with an oral modification that, as stipulated to by both parties, she never agreed to in the first place. Additionally, Eaton testified that:
 {¶ 19} "I told him if they put the bricks there that day I would have the money there for them that night, and I would pay them. But he wouldn't do it. He said, `No.' He said, `He couldn't trust me."
 {¶ 20} * * *
 {¶ 21} "I even told him I'd pay him the hundred and fifty dollars extra if they did it *Page 5 
that day. But he wouldn't do it cause they wanted their money right now."
 {¶ 22} This testimony indicates that Eaton, much like the appellee inBanks was "always ready, willing and able to honor [her] obligations under the contract." Accordingly, following the Tenth District's logic, Eaton did not commit an anticipatory breach and this assignment of error is meritless.
 {¶ 23} As their second assignment of error, Ann-L claims:
 {¶ 24} "The Trial Court erred as a matter of law when it entered judgment in favor of Plaintiff/Appellee Eaton in the amount of $850."
 {¶ 25} With this assignment of error, Ann-L claims the trial court erred by returning the $1,000 deposit paid for performance of Phase II of the contract. Ann-L argues that they were the non-breaching party and were thus entitled to be placed in the position they would have been in had the breaching party fully performed pursuant to the terms of the governing contract. However, because Eaton did not breach the written contract, this assignment of error is meritless as the trial court was merely returning payment for work that was never completed.
 {¶ 26} As their third and final assignment of error, Ann-L claims:
 {¶ 27} "The Trial Court erred as a matter of law when it found that the value of the 4" skirt received by Plaintiff from Better Basements was $2880 when Plaintiff/Appellee Eaton presented no evidence as to the value of the work performed by Better Basements."
 {¶ 28} With this assignment Ann-L claims that the trial court erred by placing a value of $2,880 on work performed by Better Basements. However, the trial court did not place a value on the work done by the other company as the value was "unknown to the Court". Rather the trial court, as it explained in its journal entry, simply used the amount stated in the contract for Phase II, the portion of the contract that was not performed by Ann-L. Moreover, the value assigned for the work of Phase II appears to be irrelevant as Eaton was not awarded damages for Ann-L's breach. As mentioned, the trial court merely ordered that her $1,000 deposit be returned to her as the Phase II work was never completed by Ann-L. Ann L's final assignment of error is also meritless. *Page 6 
 {¶ 29} Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1