BAILEY

v.

BEVILACQUA, Appellant; State Farm Fire & Casualty Company, Appellee.

[Cite as *Bailey v. Bevilacqua,* 158 Ohio App.3d 382, 2004-Ohio-4392.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2003–P–0084.

Decided Aug. 20, 2004.

Antonios C. Scavdis and Thomas S. Mazanec, for appellant.

David L. Lester and Gary S. Greenlee, for appellee.

CYNTHIA WESTCOTT RICE, Judge.

{¶ 1} Appellant, Chad Bevilacqua, appeals from the judgment of the Portage County Common Pleas Court granting summary judgment to intervenor-appellee, State Farm Fire & Casualty Company. We reverse.

{¶ 2} On August 31, 2001, plaintiff, Joshua Bailey, borrowed appellant's motorcycle with instructions to return it before appellant got off work that day. Bailey failed to return the motorcycle as requested, and a disagreement ensued.

{¶ 3} According to appellant, Bailey was angry that he had to return the motorcycle and the two exchanged words. Bailey then shoved appellant; appellant shoved back; Bailey raised his arm as if to strike appellant, and appellant defended himself by punching Bailey in the face.

{¶ 4} Bailey claimed that when he returned the motorcycle, appellant was angry and as Bailey started to walk away, appellant struck him. Bailey claimed that he never pushed appellant or raised his arm.

{¶ 5} Bailey filed suit against appellant, seeking compensation for the injuries he suffered because of the punch. State Farm intervened, seeking a declaration that it had no duty to defend or indemnify appellant.

{¶ 6} State Farm moved for summary judgment, contending that it had no duty to defend or indemnify appellant because its policy excluded coverage for intentional acts. The trial court granted State Farm's motion for summary judgment. Appellant appeals, asserting three assignments of error:

{¶ 7} "[1.] The trial court erred to the prejudice of defendant-appellant in finding that an exclusion in intervenor-appellee's insurance policy applied to preclude intervenor-appellee's duty to defend defendant-appellant.

{¶ 8} "[2.] The trial court erred to the prejudice of defendant-appellant in finding that an exclusion in intervenor-appellee's insurance policy applied to preclude intervenor-appellee's duty to indemnify defendant-appellant.

{¶ 9} "[3.] The trial court erred to the prejudice of defendant-appellant by granting intervenor-appellee's motion for summary judgment."

{¶ 10} Because appellant's third assignment of error is dispositive of this appeal, we address it first.

{¶ 11} We review a grant of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, we review the trial court's grant of summary judgment independently and without deference to its determination. *Lexford Properties Mgmt., L.L.C. v. Lexford Properties Mgt., Inc.* (2001), 147 Ohio App.3d 312, 315, 770 N.E.2d 603.

{¶ 12} Summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. *Harless v. Willis Day Warehousing, Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 13} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

{¶ 14} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264.

{¶ 15} The policy at issue provides:

{¶ 16} "If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

{¶ 17} "1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

{¶ 18} "2. provide a defense at our expense by counsel of our choice * * *." (Emphasis sic.)

{¶ 19} The policy defines an "occurrence" as:

{¶ 20} "[A]n accident, including exposure to conditions which result in:

{¶ 21} "a. **bodily injury**; or

{¶ 22} "b. **property damage**;

{¶ 23} "during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**." (Emphasis sic.)

{¶ 24} The policy then excludes from coverage:

{¶ 25} "a. **bodily injury** or **property damage**:

{¶ 26} "(1) which is either expected or intended by the **insured;** or

{¶ 27} "(2) which is the result of willful and malicious acts of the **insured**[.]" (Emphasis sic.)

{¶ 28} Nothing in the record indicates that appellant's conduct in striking Bailey was other than an intentional act. Injuries arising from a deliberate punch are expected or intended. See *Pfeiffer v. Sahler* (Sept. 13, 2001), 8th Dist. No. 78165, 2001 WL 1110330, at * 4.

{¶ 29} Although the complaint does state a cause of action sounding in negligence, this is not sufficient to preclude summary judgment in favor of the insurer in a declaratory judgment action. See *State Auto Ins. Cos. v. Manning* (Aug. 29, 1997), 11th Dist. No. 96–G–2000, 1997 WL 531234, at * 7 ("Even though the Blakes characterize Manning's actions as 'negligent' in their complaint, this does not give rise to a question of fact as to Manning's intent, for the mere insinuation of negligence in a civil complaint cannot transform what are essentially intentional torts into something 'accidental' that might be covered by insurance").

{¶ 30} However, appellant, in his answer to Bailey's complaint, pleaded the affirmative defense of self-defense. To establish this defense appellant must allege facts supporting the following elements: "(1) he was not at fault in creating the situation giving rise to the affray; (2) he had a bona fide belief that he was in imminent danger of bodily harm; and (3) he did not violate any duty to retreat or avoid the danger." [1] *State v. Mogul* (May 15, 1998), 11th Dist. Nos. 97–T–0018, 97–T–0067, 1998 WL 258164.

{¶ 31} The Ohio Supreme Court has carved out an exception to the general rule that an insurer is not obligated to defend or indemnify an insured for injuries resulting from the insured's intentional acts in those situations when an insured acts in self-defense. *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 23 OBR 208, 491 N.E.2d 688. In that case, the court stated:

{¶ 32} "When an insured admits that he intentionally injured a third party and the surrounding circumstances indicate that he acted in self-defense in causing the injury, the insured's insurance company may not refuse to defend the insured from the third party's intentional tort claim on the grounds that the third

---

1. There is no duty to retreat in cases involving the use of nondeadly force, even if retreat is possible. *State v. Mogul* (May 15, 1998), 11th Dist. Nos. 97–T–0018, 97–T–0067, 1998 WL 258164.

party's injuries fall within an exclusion from coverage for 'bodily injury * * * which is either expected or intended from the standpoint of the [i]nsured'." Id. at syllabus.

{¶ 33} The court reasoned:

{¶ 34} "Generally, an individual may not purchase liability insurance coverage against a claim arising from his intentional infliction of injury upon the person or property of another. Allowing the purchase of such coverage would remove an important disincentive to the commission of intentional torts—the resultant threat, through civil damage claims, to the tortfeasor's personal assets. No purpose is served, however, by denying coverage to an insured who, while acting in self-defense, intentionally injures another. The insured who acts in self-defense does so only as a *reaction* to his attacker, and any injuries suffered by the attacker are not the result of the insured's misconduct.

{¶ 35} "From the standpoint of an insurance company, an 'expected or intended injury' exclusion prevents individuals from purchasing insurance as a shield for their *anticipated intentional misconduct*. Without such an exclusion, an insurance company's risk would be incalculable. An act of self-defense, however, is neither anticipated nor wrongful from the standpoint of the insured. The risk that an insurance company bears in providing an intentional tort defense for an insured who claims to have acted in self-defense is calculable and, from a monetary standpoint, minimal." (Emphasis sic; citations omitted.) Id. at 81, 23 OBR 208, 491 N.E.2d 688.

{¶ 36} In the instant case, the facts viewed in the light most favorable to appellant give rise to a genuine issue of material fact as to whether appellant acted in self-defense. Appellant presented evidence that Bailey shoved him first and that he struck Bailey only when he believed that Bailey was about to strike him. Although appellant at one point during his deposition characterized the incident as a mutual fight, he later stated unequivocally that he acted in self-defense. Appellant also presented the affidavit of his wife, who described the events as follows:

{¶ 37} "[Bailey] angrily walked out of the garage saying he would walk home. [Bailey] was pretty far out of the garage and [appellant] was on the sidewalk by the house. [Appellant] tossed [Bailey's] keys towards [Bailey's] feet and said something along the lines of 'don't act like a baby just tell me what your problem is.' [Appellant] did not yell; he simply asked what [Bailey's] problem was.

{¶ 38} "[Bailey] turned around and walked towards [appellant] and proceeded to shove [appellant] hard enough to push [appellant] backwards. [Bailey] then raised his arm in an attempt to strike [appellant.] [Appellant] reacted by hitting

[Bailey] back in order to defend himself. [Bailey] hit [appellant] a few times and appellant hit [Bailey] a few times."

{¶ 39} In support of its argument that appellant's claim of self-defense is a red herring, State Farm directs us to *Lingo v. State Farm Fire & Cas. Co.* (Dec. 5, 1996), 8th Dist. Nos. 69514, 70753, 1996 WL 695656; *Estate of Barbieri v. Evans* (1998), 127 Ohio App.3d 207, 711 N.E.2d 1101; *Pfeiffer,* supra; *State Farm Fire & Cas. Co. v. Totarella,* 11th Dist. No. 2002–G–2457, 2003-Ohio-5229, 2003 WL 22236027; and *Nationwide Mut. Ins. Co. v. Layfield,* 11th Dist. No. 2002–L–155, 2003-Ohio-6756, 2003 WL 22952605. These cases are factually distinguishable from the instant case.

{¶ 40} In *Lingo,* the defendant walked into the street to confront the same group of persons with whom he had just had a confrontation. Further, the defendant in *Lingo* had pleaded guilty to assault because of the incident.

{¶ 41} Here, appellant testified that Bailey was the aggressor and that Bailey returned to the garage to confront appellant. In addition, a grand jury refused to indict appellant for his conduct in this incident.

{¶ 42} *Estate of Barbieri* involved a challenge to the trial court's judgment following a trial. Given the different standards of review applicable to *Barbieri,* it is inapposite to our decision in the instant case.

{¶ 43} In *Pfeiffer,* the court noted that the defendant pursued the plaintiff into a house to continue a confrontation and first pushed then punched the plaintiff. Here, appellant has presented evidence that Bailey was the initial aggressor and that Bailey returned to the garage to continue the confrontation.

{¶ 44} In *Totarella,* the defendant chased the plaintiff down the street and tackled him after the plaintiff rang the doorbell to Totarella's home and ran off. We found that State Farm had no duty to defend or indemnify Totarella because Totarella had been the aggressor and violated his duty to retreat.

{¶ 45} Finally, in *Layfield,* there was no claim that the defendant had acted in self-defense when he assaulted a police officer.

{¶ 46} While the trial court found, and appellant admitted, that he landed the first punch, this does not preclude a jury from finding that appellant acted in self-defense. Ohio's self-defense law is clear: one need only believe that he is in imminent danger of bodily harm; one is not required to wait for the other to land the first blow or fire the first shot before one may use reasonable force to defend one's self.

{¶ 47} "When an insured admits that he intentionally injured a third party and the surrounding circumstances indicate that he acted in self-defense in causing the injury, the insured's insurance company may not refuse to defend the insured

from the third party's intentional tort claim on the grounds that the third party's injuries fall within an exclusion from coverage for 'bodily injury * * * which is either expected or intended from the standpoint of the [i]nsured.'" *Thompson,* 23 Ohio St.3d at 82, 23 OBR 208, 491 N.E.2d 688.

{¶ 48} State Farm also argues that it is not obligated to provide defense or indemnity because its policy excludes coverage for not only intended injuries but for "willful and malicious acts of the insured." We disagree.

{¶ 49} While "intentional" is synonymous with "willful," this second exclusion is written in the conjunctive, i.e., the act must be both willful and malicious. Were the jury to conclude that appellant acted in self-defense, his actions could not be found to be malicious.[2]

{¶ 50} State Farm also argues that *Thompson* requires only that an insurer provide a defense, but does not require the insurer to indemnify the insured in cases involving self-defense. Obviously, if the defendant successfully establishes his affirmative defense of self-defense there will be no damages for which to provide indemnity. If the defendant is unsuccessful in establishing self-defense, then the act will have been intentional and the exclusion for intentional or willful and malicious acts will apply and the insurer will not be required to indemnify the defendant, assuming that the insurer defended under a reservation of rights. State Farm's argument in this regard is irrelevant.

{¶ 51} Thus, viewing the evidence in the light most favorable to appellant, we conclude that there exists a genuine issue of material fact as to whether appellant acted in self-defense. Appellant's third assignment of error has merit; our disposition of the third assignment of error renders appellant's first and second assignments of error moot. The judgment of the Portage County Common Pleas Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.

---

2. Malice is defined as "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Malone v. Courtyard by Marriott, L.P.* (1996), 74 Ohio St.3d 440, 445–446, 659 N.E.2d 1242.