OPINION
{¶ 1} Appellants, the Secrests, appeal the judgment of the Lake County Court of Common Pleas denying their R.C. 3929.06
claim against appellee, Westfield, for the satisfaction of their final judgment against appellee's insured, Robert Gibbs, et al. We affirm.
 {¶ 2} The Secrests originally filed suit against Robert Gibbs, Evelyn Gibbs, Hazelwood Builders, Inc. and R.E.G., Inc., in 1997 for damages and injunctive relief. See Case No. 97 CV 002293. However, appellants dismissed the case due to alleged inabilities to perfect service on one or more of the defendants. The case was re-filed in November of 1999 alleging trespass and fraudulent filing of a mechanic's lien. The Secrests also sought to pierce the corporate veil and hold Gibbs personally liable for the damages caused by the alleged misdeeds of his companies. During the period relevant to the actions underlying the above suit, Westfield insured Robert Gibbs, Evelyn Gibbs, Hazelwood Builders, and R.E.G., Inc., under a commercial insurance policy, No. CWP3104835. The policy provided, in relevant part:
 {¶ 3} "Coverage A. Bodily Injury and Property Damage Liability
 {¶ 4} "* * *
 {¶ 5} "b. This insurance applies to `bodily injury' and `property damage' only if:
"(1) The `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory;'
"12. `Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
 {¶ 6} The policy also set forth the following "exclusions"'.
 {¶ 7} "This insurance does not apply to:
 {¶ 8} "a. Expected or Intended Injury
 {¶ 9} "`Bodily injury' or `property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to `bodily injury' resulting from the use of reasonable force to protect persons or property."
 {¶ 10} On September 14, 2001, Westfield filed a motion to intervene in the case for purposes of contesting coverage, which was denied. On October 11, 2001, Westfield filed a complaint for declaratory judgment requesting the trial court to declare Westfield had no duty to defend or indemnify the Gibbs, Hazelwood Builders, Inc., or R.E.G., Inc.
 {¶ 11} A four day jury trial was held on the Secrests' claims against Gibbs, et al. During the trial Evelyn Gibbs was dismissed from the case. Ultimately, the trial court instructed the jury on claims for trespass, fraudulent filing of a mechanic's lien, and piercing the corporate veil. A unanimous jury returned a verdict in appellants' favor on all claims; the verdict acted to disregard the corporate forms of Hazelwood Builders, Inc. and R.E.G., Inc., thereby holding Robert Gibbs personally liable for all the claims. The jury awarded the Secrests compensatory damages in the amount of $85,000 and punitive damages in the amount of $150,000. The trial court also awarded the Secrests reasonable attorneys fees which, after a hearing on this issue, amounted to $25,000.
 {¶ 12} Following the trial, the Secrests filed a supplemental petition against Westfield pursuant to R.C. 3929.06. This action was consolidated with Westfield's complaint for declaratory judgment. On February 25, 2004, after a brief hearing and submission of trial briefs, the trial court issued a declaratory judgment in Westfield's favor. The court determined that Westfield's commercial insurance policy issued to Gibbs did not provide coverage for appellants' claims. Accordingly, Westfield was not responsible for the jury's compensatory damage award. Appellants now appeal and assert the following assignment of error:
 {¶ 13} "The trial court erred when it held that the insurer was not liable to pay the appellants/counterclaimants' jury award for general, compensatory damages in a supplemental action under R.C. 3929."[1]
 {¶ 14} The decision to grant or deny a claim for declaratory judgment is within the sound discretion of the trial court.[2] Therefore, absent an unreasonable, arbitrary, or unconscionable decision, will not reverse the trial court's judgment.[3]
 {¶ 15} Under their sole assignment of error, the Secrests submit two issues for review; initially, the Secrests contend that the evidence presented at trial demonstrated that not all of the acts (or evidence of acts) of Gibbs, et al., leading to the jury's verdict were outside the scope of coverage under Westfield's policy. The Secrests point to various instances at trial where Gibbs testified that his behavior was a result of negligence, mistake, or "advice of counsel."[4] With this in mind, and without the benefit of jury interrogatories disclosing the panel's actual rationale, the Secrests maintain the court erred by specifically finding Gibbs', et al., conduct intentional and/or outside the scope of the policy coverage.
 {¶ 16} In order to demonstrate they are entitled to coverage, the Secrests must demonstrate that the acts for which Gibbs, et al., were found liable were "occurrences" as provided in the insurance policy.[5] The term "occurrence" is defined in Westfield's policy as "an accident." While the policy does not define the term accident, it shall be given its ordinary meaning.[6] In Motorists Mutual Ins. Co. v.Merrick,[7] we stated:
 {¶ 17} "`An "accident" is an event proceeding from an unexpected happening or unknown cause without design and not in the usual course of things; an event that takes place without one's expectation; an undesigned, sudden and unexpected event; an event which proceeds from an unknown cause or is an unusual effect of a known cause and, therefore, unexpected.'"[8]
 {¶ 18} While the Secrests argue the trial court in the instant matter erroneously "divined" that the compensatory damages were based upon intentional or "non-accidental" conduct, the court's jury instructions belie this contention. After advising the jury that the mechanic's lien was invalid as a matter of law, the trial court charged the jury as follows:
 {¶ 19} "Fraud is a civil wrong. It is a deception practiced with a view to gaining an unlawful or unfair advantage. It is a false representation of fact, whether by words, conduct, or concealment which misleads and is intended to mislead another.
 {¶ 20} "Plaintiffs must prove by the greater weight of the evidence each of the following elements:
 {¶ 21} "(a) A false representation of fact was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be found;
 {¶ 22} "(b) the representation and/or concealment was material;
 {¶ 23} "(c) The representation or concealment was made with the intent of misleading someone;
 {¶ 24} "(d) The Plaintiffs were injured and the injury was directly caused by Defendants' deception or false representation."
 {¶ 25} "* * *
 {¶ 26} "Now, the Plaintiff [sic] also claims that the Defendants have trespassed on certain land causing damages to the Plaintiff. To establish this claim the Plaintiff must prove by the greater weight of the evidence that the — that the Plaintiff either was in possession or had a right to use the land and that the Defendant entered upon the land without permission from the Plaintiffs or used an easement in an reasonable [sic] fashion."[9]
 {¶ 27} In Gibbs's appeal of the jury verdict, we addressed the issue of whether the jury's verdict was against the manifest weight of the evidence.
 {¶ 28} With respect to the fraud claim we determined:
 {¶ 29} "[the Secrests] offered evidence that appellant Gibbs filed an invalid mechanics' (sic) lien on their property. Evidence also showed that Mr. Gibbs neither spoke with appellees nor gave them notice that R.E.G., Inc., through him, filed the mechanics' (sic) lien. Mr. Gibbs acknowledged that the lien `could' affect [the Secrests'] entire property parcel and thereby encumber their credit and ability to refinance their property. Finally the evidence demonstrated that [the Secrests'] financial institution was misled by the invalid mechanics' (sic) lien and [the Secrests] were consequently unable to refinance their property. The jury's verdict regarding the fraudulent filing of a mechanics' (sic) lien is not against the weight of the evidence."[10]
 {¶ 30} With respect to the trespass charge, we observed:
 {¶ 31} "[the Secrests] presented ample evidence that Hazelwood Builders, Inc., without [the Secrests'] permission, allowed their equipment to encroach upon [the Secrests'] property that was not part of the easement. [The Secrests] additionally demonstrated that the easement gave appellants the right to use the property as a means of ingress and egress. Testimony indicated that Hazelwood's equipment was parked on the easement for more than 300 non-consecutive days; including a period during which a backhoe owned by Hazelwood blocked [the Secrests'] driveway. The evidence demonstrated appellants' use of the easement property was inconsistent with the filed document giving [Gibbs, et al.] the right to a `Driveway Easement' as a means of ingress and egress. Moreover, [the Secrests] demonstrated, via photographs, that their property was damaged by the equipment; Mr. Secrest also testified that [the Secrests] were unable to enter and exit their own driveway without driving into their front lawn due to the positioning of Hazelwood's large, ungainly equipment. * *"[11]
 {¶ 32} After reviewing the evidence and the jury instructions, we concluded the verdicts were supported by the weight of the evidence and affirmed. The Secrests now wish to impugn the verdict on which they derive their current claims by asserting the evidence indicated Gibbs, et al., acted by neglect or mistake, i.e., by way of mere "accident."
 {¶ 33} One does not accidentally commit fraud as its proof requires known, false misrepresentation. Further, it is worth noting, "[w]here a determination is made in an initial action against a tortfeasor relative to his culpable mental state, collateral estoppel precludes relitigation of the determination in a subsequent proceeding brought against the tortfeasor's insurer pursuant to R.C. 3929.06."[12] As the scienter requirement is an element of fraud, appellants are foreclosed from relitigating the jury's determination.
 {¶ 34} Moreover, the evidence regarding the trespass indicates that Gibbs', et al., encroachment was not accidental as the term is ordinarily understood, i.e., an unexpected or without specific design. The evidence indicated Gibbs, et al., violated the letter of the easement and regularly kept equipment and supplies in the Secrests' yard for lengthy periods. While that is true, the Secrests experienced "continuous or repeated exposure to substantially the same general harmful conditions" as a result of the trespasses and thus Gibbs', et al, conduct could be construed as an "occurrence." However, the insurance policy excludes any property damage which Gibbs, et al., expected or intended. Assuming arguendo Gibbs', et al, trespass was accomplished without a specific design to do so, the evidence indicates that Gibbs, et al., should have expected his behavior and/or decisions would cause some property damage. The trial court's declaration that Westfield is not liable pursuant to R.C.3929.06 was neither arbitrary nor unreasonable.
 {¶ 35} We recognize the Secrests reference various other provisions of Westfield's policy presumably in interest of demonstrating their R.C. 3929.06 claim is viable under alternative provisions. After reviewing the cited provisions, we fail to see how the Secrests can hold Westfield liable for the final judgment against Gibbs, et al.
 {¶ 36} The Secrests next issue submitted for review seems directed more at the inconsistency between Gibbs', et al., arguments on direct appeal and Westfield's arguments in the current matter. To wit, in their own words, appellants query:
 {¶ 37} "Can an insurer in a supplemental action and on its appeal argue that all of the insured's acts were tortious to the degree that warrants punitive damages which would deny policy coverage of a general damage award, and argue at the same time that the jury erred because none of the defendants' acts were intentional, and that the punitive awards were only the result of the jury's collective lack of intelligence, passion and prejudice?"
 {¶ 38} Initially, it bears noting that the direct appeal of the underlying case (Secrest v. Gibbs, supra) was filed by Robert Gibbs; In that appeal, Gibbs argued the acts on which his liability was grounded were inadvertent and the verdict was a product of the jury's passion and prejudice. We overruled this argument and affirmed the verdict. Here, Westfield argues Gibbs', et al., acts were not accidental; a position which, in large part, corresponds with the jury's verdict. Westfield herein was not a party to the trial nor the appeal. As the parties are distinct, it is difficult to discern how the substantive character of their arguments, whether mutually consistent or inconsistent, would bear upon the trial court's decision granting Westfield's claim for declaratory judgment. Put differently, the Secrests' contention fails to demonstrate how or why, in their view, the trial court erred when it determined their claims (and, by implication, the jury's verdict) were outside the scope of the policy's coverage.
 {¶ 39} In any event, the jury awarded compensatory and punitive damages to the Secrests in the original tort action. In effect, the jury found Gibbs', et al., conduct fell within the scope of the definition(s) set forth in the jury instructions. The Secrests, in the original action, put forth evidence to satisfy the requirements for their fraud claim and trespass claim and were therefore entitled to compensatory damages. Moreover, the Secrests put forth adequate evidence for punitive damages.
 {¶ 40} The Secrests note instances of "non-punitive" acts, and contend the insurance policy does not exclude coverage for their "simpler claims of property damage, nuisance, and loss of use." While this may be true, the Secrests were ostensibly satisfied with the verdict. The Secrests did not appeal the court's failure to instruct the jury upon these "simpler" acts and claims. Moreover, the current matter is supplemental to the original action; hence, "`as to the underlying tort claim the prior action operates to preclude relitigation of the tortfeasor (collateral estoppel).'"[13] The issue of intent was raised, litigated, and decided by a jury at trial. Accordingly, the Secrests' sole assignment of error is without merit.
 {¶ 41} For the above reasons, the Secrests' assignment of error is overruled and the decision of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., Grendell, J., concur.
[1] R.C. 3929.06(A)(1) provides:
"If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against the liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment."
[2] Portage Cty. Bd. of Commissioners v. Akron,156 Ohio App.3d 657, 704, 2004-Ohio-1665.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] We must note that the Secrests did not include a copy of the trial transcript in the record. However, in Gibbs direct appeal of the jury verdict, we quoted various portions of the record which shall be useful in addressing the Secrests' arguments.
[5] See, Chicago Title Ins. Co. v. The Huntington NationalBank (1999), 87 Ohio St.3d 270, 273 (noting "one who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy * * *.")
[6] Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108.
[7] Motorists Mutual Ins. Co. v. Merrick (Nov. 5, 1999), 11th Dist. Nos. 98-T-0188 and 98-T-0189, 1999 Ohio App. LEXIS 5240.
[8] Id. at 6-7, quoting Am. States Ins. Co. v. Guillermin
(1996), 108 Ohio App. 3d 547, 556 (citation omitted).
[9] Secrest v. Gibbs, 11th Dist. No. 2003-L-083, 2005-Ohio-2074, ¶ 19-26.
[10] Secrest v. Gibbs, 11th Dist. No. 2003-L-083, 2005-Ohio-2074, at ¶ 32.
[11] Id. at ¶ 33.
[12] Howell v. Richardson (1989), 45 Ohio St.3d 365, paragraph one of the syllabus.
[13] Damario v. Doyle (Jan. 11, 1991), 11th Dist. No. 89-L-14-082, 1991 Ohio App. LEXIS 72, 6, quoting, Howell,
supra, at 367.